**Harold GIAMELLA, Petitioner–Appellant,**

v.

**I.C. Haunani HENRY, Warden, Attorney General of the State of California, Respondents–Appellees.**

**No. 02–55698.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 15, 2003.

Harold Giamella, pro se, Soledad, CA, Petitioner–Appellant.

Susan D. Martynec, Esq., Stephanie A. Miyoshi, DAG, AGCA–Office of the Cali-

fornia Attorney General, Los Angeles, CA, for Respondents–Appellees.

Before GOODWIN, WALLACE and MCKEOWN, Circuit Judges.

MEMORANDUM **

Harold Giamella, a California state prisoner, appeals pro se the district court's judgment dismissing his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

The district court's denial of a habeas petition is reviewed de novo, findings of fact are reviewed for clear error, and factual findings made by the state court are accorded a presumption of correctness. *Moran v. McDaniel,* 80 F.3d 1261, 1268 (9th Cir.1996).

We granted a certificate of appealability on the issue whether Giamella's constitutional rights were violated by the trial court's erroneous and conflicting jury instructions concerning the requisite mental state of malice.[1] After reviewing the entire record, we conclude that the district court's finding that there was no reasonable likelihood that the jurors relied on the incorrect definition of malice in its finding of guilt, and that therefore there was no constitutional error, was not erroneous. *See Estelle v. McGuire,* 502 U.S. 62, 72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).

Accordingly, the district court properly dismissed Giamella's § 2254 petition because the state court's decision was not contrary to, or an unreasonable application

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. We decline to address issues outside the scope of the certificate of appealability. *See Hiivala v. Wood,* 195 F.3d 1098, 1102 (9th Cir.1999).

of, clearly established federal law. *See* 28 U.S.C. § 2254(d).

AFFIRMED.